***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. The Full Commission hereby affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Industrial Commission and the Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. An employee-employer relationship existed between the parties on April 11, 2002.
4. Following the hearing, the parties agreed to stipulate to an average weekly wage of $468.61.
5. Following the taking of medical depositions and a conference call with the undersigned, the parties reached an agreement regarding the doctors to assume/continue plaintiff's medical care. Specifically, the parties agreed that Dr. Carol A. Epling will continue providing plaintiff's conservative treatment/medication management, and that the parties will refer plaintiff to Dr. William F. Lestini, an orthopedic surgeon, for evaluation and treatment. An e-mail stating the parties' agreement has been marked as Stipulated Exhibit 6.
 *********** EXHIBITS
The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Plaintiff's Medical Records
 (c) Stipulated Exhibit 3: Supplemental Medical Records
 (d) Stipulated Exhibit 4: Industrial Commission Forms
 (e) Stipulated Exhibit 5: Plaintiff's Discovery Responses
 (f) Stipulated Exhibit 6: E-mail Stating Parties' Agreement Regarding *Page 3 
Medical Treatment.
 (g) Plaintiff's Exhibit 1: Plaintiff's W-2 for tax year 2001
 (h) Plaintiff's Exhibit 2: Plaintiff's W-2 for tax year 2002
 (i) Plaintiff's Exhibit 3: Plaintiff's Weekly Attendance Records for 2007
 (j) Plaintiff's Exhibit 4: Plaintiff's Weekly Attendance Records for 2002
 (k) Plaintiff's Exhibit 5: Plaintiff's Weekly Attendance Records for 2003
 (l) Plaintiff's Exhibit 6: Plaintiff's Absences from Work for Calendar Years 2002, 2003, 2004, 2005, and 2006.
 *********** ISSUES
1. Whether plaintiff is entitled to a change of treating physician? (This issue has now been resolved by agreement of the parties as stated in the above stipulation.)
2. Whether plaintiff is entitled to payment of temporary total disability compensation for various sporadic days that she was allegedly out of work due to her compensable injury?
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 57 years old. Plaintiff has a ninth grade education.
2. Plaintiff has worked continuously as a housekeeper at the Duke Eye Center since September 14, 1974.
3. Plaintiff's job duties as a housekeeper require her to pull trash, sanitize her *Page 4 
area by wiping it down, dust, dust mop, high dust, sweep and wet mop.
4. Plaintiff sustained an admittedly compensable injury by accident to her back on April 11, 2002 when she slipped and fell on a wet tile floor while in the course and scope of her employment with defendant. Following the accident, plaintiff felt pain in her back and her buttocks and ultimately developed numbness in her upper right leg.
5. Following her injury, plaintiff has treated primarily at Duke Employee Occupational Health under the direction of Dr. Carol A. Epling, an occupational/environmental medicine doctor and Physician's Assistant Jim Schmidt. Plaintiff's treatment has included physical therapy, chiropractic care and the taking of anti-inflammatory medications and muscle relaxers.
6. Following her injury, plaintiff returned to work for the defendant and continues to work for the defendant. However, plaintiff credibly testified that although she continues working for defendant as housekeeper, her job duties aggravate her current condition to the point where she is occasionally disabled. Plaintiff asserts that she is presently entitled to payment for thirty-five (35) days of temporary total disability compensation based upon her being out of work due to her admittedly compensable back injury.
7. The days of temporary total disability compensation claimed by plaintiff are stated in plaintiff's response to defendant's Interrogatory No. 6 (Stipulated Exhibit 5) as follows: April 26 and 29, 2002; December 4, 5, and 6, 2002; January 13, 14, and 23, 2003; February 17 and 18, 2003; April 29 and 30, 2003; June 12 and 13, 2003; September 18, 2003; October 2, 2003; March 11, 2005; July 25 and 26, 2005; April 21, 24, 25, 26, 27, and 28, 2006; May 1, 2, 3, 4, 5, 8, 9, 10, 11 and 12, 2006.
8. The thirty-five (35) days of temporary total disability compensation claimed by *Page 5 
plaintiff correspond with the computer print-out (Plaintiff's Exhibit 6) showing plaintiff's absences from work for calendar years 2002, 2003, 2004, 2005, and 2006, with the exception of two days. Specifically, the computer print-out indicates that plaintiff was out of work for the reason "sick" on the days claimed by plaintiff, with the exception of July 25, 2005 which the computer print-out shows as a "vacation" day for plaintiff and May 9, 2006 which the computer print-out does not show as a day that plaintiff was absent from work.
9. With regard to whether plaintiff being out of work for her back condition for approximately thirty-five (35) days was warranted, Dr. Epling testified as follows: "[M]y response to the question would be we'd have to look back to all the recommendation forms with regard to did we see her, did we take her out of work. And if not, then she's making her own decision, as people do, to use their own leave time to stay out of work for whatever health reason they have. But it wouldn't be work time missed that we, as the treating physician, would advise as needed as treatment for their condition."
10. Dr. Joe T. Minchew, an orthopaedic surgeon to whom plaintiff was referred by Dr. Epling, testified that it's "reasonable and commendable" that plaintiff only missed thirty-five (35) days from work due to her back injury between April 11, 2002 and the date that she answered Interrogatory No. 6 for the defendants on January 12, 2007. Dr. Minchew further testified, "That's actually a fairly small amount of missed time off work with an ongoing back problem."
11. Likewise, Dr. Thomas Craig Derian, an orthopedic surgeon that evaluated plaintiff at plaintiff's request, testified that "it's medically reasonable for her to have missed that amount of time (35 days) considering her findings and description of symptoms."
12. The Full Commission finds the medical opinions of Dr. Minchew and Dr. Derian *Page 6 
regarding plaintiff being out of work for approximately thirty-five (35) cumulative days to be competent, credible, and persuasive, and greater weight is given to these opinions than to the opinion of Dr. Epling.
13. Based upon plaintiff's credible testimony, interrogatory responses, medical records, the computer print-out showing the days and reasons plaintiff was out of work, and the opinions of Dr. Minchew and Dr. Derian, the Full Commission finds by the greater weight of the evidence that plaintiff was unable to work due to her compensable injury on the following thirty-three (33) days: April 26 and 29, 2002; December 4, 5, and 6, 2002; January 13, 14, and 23, 2003; February 17 and 18, 2003; April 29 and 30, 2003; June 12 and 13, 2003; September 18, 2003; October 2, 2003; March 11, 2005; July 26, 2005; April 21, 24, 25, 26, 27, and 28, 2006; May 1, 2, 3, 4, 5, 8, 10, 11 and 12, 2006.
14. Dr. Carol Epling found plaintiff to be at maximum medical improvement on May 11, 2004, and again on May 10, 2006. Dr. Joe Minchew, Orthopaedic Surgeon, who saw the plaintiff at the request of the defendants, opined that the plaintiff is not yet at maximum medical improvement. Dr. T. Craig Derian opined that the plaintiff is not yet at maximum medical improvement. The Full Commission gives greater weight to the opinions of Dr. Minchew and Dr. Derian regarding plaintiff not being at maximum medical improvement.
15. Defendants attempted to introduce video surveillance evidence subsequent to the hearing of this matter. Deputy Commissioner Baddour ruled that this evidence is not admitted. Any testimony given by Drs. Epling, Derian or Minchew in response to video surveillance questioning is excluded and stricken.
16. The Full Commission finds plaintiff to be credible.
17. On multiple occasions, the employer would not accommodate the restrictions *Page 7 
imposed upon the plaintiff, particularly no mopping. Therefore, the plaintiff missed multiple days from work as a result of her employer not accommodating her restrictions.
18. Plaintiff underwent an MRI of her lumbar spine on October 2, 2003, which revealed a broad-based disc bulge with minimal impression on the right S1 nerve root at L5-S1. The MRI also revealed at L4-L5 a Schmorl's node at the inferior end plate of L4 with reactive stress changes around it. Some increased signal was also seen on that disc on the T2 weighted images.
19. On the date of the hearing before the Deputy Commissioner, plaintiff testified that she suffered from muscle spasms in her lower back, pain in her lower back and pain in her right buttocks. Her back pain affects her job by causing pain while sweeping and using a dust pan and mopping. Plaintiff is able to do her job by taking medicine in the form of anti-inflammatory medications (Motrin, Ibuprofen 3-4x per week) and muscle relaxers (Flexeril or Ultram once per week); and by using a heating pad at home and heat patches on her back while at work.
20. Plaintiff was given a back brace by Dr. Anna Bettendorf at Duke University Medical Center. Plaintiff purchased an additional back brace from Wal Mart for $24.42 to provide support to her lumbar spine.
21. Plaintiff's counsel filed a Motion for Attorney's Fees on August 19, 2008, the contents of which are included herein verbatim.
22. Plaintiff was seen by Dr. T. Craig Derian pursuant to N.C. Gen. Stat. § 97-27(b).
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW *Page 8 
1. Plaintiff sustained a compensable injury by accident to her back arising out of and in the course of her employment on April 11, 2002. N.C. Gen. Stat. § 97-2(6).
2. As a result of her compensable injury, plaintiff is presently entitled to payment of temporary total disability compensation for the following thirty-three (33) days: April 26 and 29, 2002; December 4, 5, and 6, 2002; January 13, 14, and 23, 2003; February 17 and 18, 2003; April 29 and 30, 2003; June 12 and 13, 2003; September 18, 2003; October 2, 2003; March 11, 2005; July 26, 2005; April 21, 24, 25, 26, 27, and 28, 2006; May 1, 2, 3, 4, 5, 8, 10, 11 and 12, 2006. Therefore, plaintiff is entitled to payment at her compensation rate of $312.24 for a period of six (6) weeks and three (3) days. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of her compensable back injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including continued treatment by Dr. Carol A. Epling for conservative treatment/medication management and a referral by the parties to Dr. William F. Lestini, an orthopedic surgeon, for evaluation and treatment. N.C. Gen. Stat. §§ 97-2(19); 97-25. Plaintiff is entitled to be reimbursed $24.42 for her out-of-pocket expenses for the purchase of a lumbar spine brace.
4. Payment of permanent partial disability compensation should be held in abeyance pending medical treatment decisions based upon the recommendations of Dr. Lestini.
5. The Full Commission, in its discretion, finds that plaintiff's counsel is entitled to attorney's fees for defendant's appeal from the Deputy Commissioner's decision pursuant to N.C. Gen. Stat. § 97-88.
6. Plaintiff is not yet at maximum medical improvement.
 *********** *Page 9 
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, defendant shall pay temporary total disability compensation to plaintiff at the rate of $312.24 per week for a total of six (6) weeks and three (3) days. Because this compensation has accrued, it shall be paid in a lump sum.
2. Defendant shall pay for medical expenses incurred or to be incurred as a result of plaintiff's compensable back injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including continued treatment by Dr. Carol A. Epling for conservative treatment/medication management and a referral by the parties to Dr. William F. Lestini, an orthopedic surgeon, for evaluation and treatment.
3. Payment of permanent partial disability compensation is held in abeyance pending medical treatment decisions based upon the recommendations of Dr. Lestini.
4. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from the accrued compensation due plaintiff and from any future sums due plaintiff for permanent partial disability compensation.
5. he defendants shall pay to plaintiff's counsel over and above the twenty-five percent ((25%) award above, the amount of $3,720.00 pursuant to N.C. Gen. Stat. § 97-88.
6. Defendants shall pay to Dr. T. Craig Derian $900.000 pursuant to the prior Order of Deputy Commissioner Philip A. Baddour, III filed February 12, 2008.
7. Defendants shall pay the costs due the Commission.
 This the 29th 2008. *Page 10 
 S/___________________
 DANNY LEE McDONALD
 COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ CHRISTOPHER SCOTT COMMISSIONER *Page 1